Case 4:16-cv-01841 Document 67 Filed in TXSD on 08/23/17 Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
August 23, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NYOK LEE, *et al.*, § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. H-16-1841 |
| § | |
| WWW.URBAN, INC., *et al.*, § | |
| Defendants. § | |

## **MEMORANDUM AND ORDER**

This Fair Labor Standards Act ("FLSA") case is before the Court on the Motion for Summary Judgment [Doc. # 52] filed by Plaintiffs Nyok Lee, Wei-Min Wang, Tim Brown, Carlos Saavedra, Sunil Lalani, Shea Phillips, Rebecca Kelly, Hunter Dickerson, and Derek Brown, to which Defendants WWW.URBAN, INC. ("Urban Living"), George Silaski, and Vinod Kewalramani filed a Response [Doc. # 57]. Plaintiffs seek summary judgment on Defendants' "liability under the [FLSA]" and on Defendants' affirmative defenses that Plaintiffs were independent contractors and that the "outside sales" exemption applies.

Also pending is Defendants' Motion for Summary Judgment [Doc. # 56], to which Plaintiffs filed a Response [Doc. # 62]. Defendants seek summary judgment on the applicability of the "outside sales" exemption. No replies were filed in support of either motion.

The Court has carefully reviewed the full record and the applicable legal authorities. Based on this review, the Court **denies** both motions because there are genuine issues of material fact precluding summary judgment.

## I. BACKGROUND

Urban Living is a real estate company. Kewalramani is President of Urban Living, and Plaintiffs allege that he "actively manages" the company.[1] *See* Second Amended Complaint [Doc. # 24], ¶ 17. Silaski is "Urban Living's licensed real estate broker." *See id.*

Plaintiffs are realtors who worked for Urban Living selling houses. Their title at Urban Living was "Home Consultants." Plaintiffs were paid on a commission basis. They filed this lawsuit, alleging that Defendants violated the FLSA by failing to pay Plaintiffs the minimum wage required by 28 U.S.C. § 206 and by failing to pay overtime compensation as required by § 207. Plaintiffs moved for conditional

---

[1] Plaintiffs object to the affidavits submitted by Vinod Kewalramani (a/k/a Vinod Ramani) as (1) containing matters outside his personal knowledge, (2) offering expert testimony without having been timely designated as an expert, and (3) not providing the methodology to substantiate his expert testimony. The Court overrules Plaintiffs' objections. Kewalramani states in his Affidavits that he has "personal knowledge of the facts and information stated" therein, and his sworn statements are those that are likely to be within the personal knowledge of a corporate President who "actively manages" the company. Under Federal Rule of Evidence 701, a lay witness is permitted to express an opinion that is rationally based on his own perception. Kewalramani is offering such lay opinions, not opinions as an expert.

certification of this case as a collective action, which was granted without opposition by Order [Doc. # 19] entered November 3, 2016.

Defendants dispute that Plaintiffs worked more than 40 hours per week. Additionally, Defendants argue that Plaintiffs are independent contractors and, alternatively, that Plaintiffs are covered by the "outside sales" exemption. After an adequate time to conduct discovery, Plaintiffs and Defendants filed their motions for summary judgment. The pending motions are now ripe for decision.

## II.     STANDARD FOR SUMMARY JUDGMENT

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions in the record, together with any affidavits filed in support of the motion, demonstrate that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(a); *Bacharach v. Suntrust Mortg., Inc.*, 827 F.3d 432, 434 (5th Cir. 2016). The moving party bears the burden of demonstrating that there is no evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Cannata v. Catholic Diocese of Austin*, 700 F.3d 169, 172 (5th Cir. 2012). If the moving party meets this initial burden, the burden shifts to the nonmovant to set forth specific facts showing the existence of a genuine issue for trial. *See Brandon v. Sage Corp.*, 808 F.3d 266, 270 (5th Cir. 2015) (citing *Bayle v. Allstate Ins. Co.*, 615

F.3d 350, 355 (5th Cir. 2010)). The Court construes all facts and considers all evidence in the light most favorable to the nonmoving party. *See Guar. Bank & Trust Co. v. Agrex, Inc.*, 820 F.3d 790, 794 (5th Cir. 2016).

### III. FLSA LIABILITY

The FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). "An employee bringing an action for unpaid overtime compensation must first demonstrate by a preponderance of the evidence: (1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due." *Johnson v. Heckmann Water Resources (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014).

#### A. Employer-Employee Relationship

Plaintiffs assert that they were employees of Urban Living. To determine if a worker qualifies as an employee for purposes of an FLSA claim, the focus is on "whether, as a matter of economic reality, the worker is economically dependent upon

the alleged employer or is instead in business for himself." *Hopkins v. Cornerstone Am.*, 545 F.3d 338, 343 (5th Cir. 2008); *see also Gray v. Powers*, 673 F.3d 352, 354-55 (5th Cir. 2012) (citing *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010); *Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir. 1990)).  There are five factors relevant to this inquiry: "(1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and the alleged employer; (3) the degree to which the worker's opportunity for profit or loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship." *Hopkins*, 545 F.3d at 343.  No single factor is determinative, and the factors are a non-exhaustive list "used to gauge the economic dependence of the alleged employee." *Id.*

In this case, Plaintiffs have presented evidence that Urban Living exercised substantial control over the manner in which they performed their work, and that the Home Consultants invest only $350 per month as a "desk fee."  Defendants have presented evidence that the Home Consultants make their own decisions regarding which properties to show customers and that the Home Consultants can represent customers who choose to purchase homes from a seller other than Urban Living.  The evidence presented by the parties raises a genuine issue of material fact regarding

whether Plaintiffs were employees of Urban Living or, instead, worked for Urban Living as independent contractors.

### B. Work in Excess of Forty Hours Per Week

Some Plaintiffs have presented evidence that they often worked more than forty hours per week. Defendants, on the other hand, have challenged Plaintiffs' evidence and have presented their own evidence that Plaintiffs did not work in excess of forty hours per week. For example, a Home Consultant, who is not a Plaintiff in this case, testified that one Plaintiff worked approximately 40 hours per week, while two other Plaintiffs worked less then 40 hours per week. The conflicting evidence in the record raises a genuine issue of material fact that precludes summary judgment regarding any liability Defendants may have under the FLSA.

## IV. AFFIRMATIVE DEFENSES

Plaintiffs argue in their Motion that Defendants waived any affirmative defenses by failing to assert them in their answer. Since that time, however, the Court has granted leave for Defendants to file an amended answer. *See* Order [Doc. # 54], entered July 12, 2017. Defendants then filed their First Amended Answer [Doc. # 55], asserting the affirmative defenses of independent contractor status and the "outside sales" exemption.

### A. Independent Contractor Status

As discussed above in connection with the employer-employee relationship analysis, there are genuine issues of material fact regarding whether Plaintiffs were Urban Living's employees or were working for Urban Living as independent contractors.

### B. "Outside Sales" Exemption

Under the FLSA, the outside sales exemption exempts "any employee employed . . . in the capacity of outside salesman." 29 U.S.C. § 213(a)(1); *see Zapata v. Flowers Foods Inc.*, 2016 WL 8739196, *5 (S.D. Tex. Dec. 20, 2016) (Ellison, J.). The exemption covers any employee whose primary duty is making sales or obtaining orders or contracts and who is customarily and regularly engaged away from the employer's place of business in performing such primary duty. 29 C.F.R. § 541.500(a). The exemption is based on the understanding that "an outside salesman's extra compensation comes in the form of commissions, not overtime, and because most of the salesman's work is performed away from the employer's place of business, the employer often has no way of knowing how many hours an outside salesman works." *King v. Stevenson Beer Distrib. Co.*, 11 F. Supp. 3d 772, 785 (S.D. Tex. 2014) (citing *Meza v. Intelligent Mex. Marketing, Inc.*, 720 F.3d 577, 581 (5th Cir. 2013)).

Plaintiffs argue that their primary duty was to find customers for Urban Living, and they have presented evidence that they performed that duty at their computers in the Urban Living office. Defendants have presented evidence that Plaintiffs' primary duty was selling houses and that Plaintiffs performed that duty by showing houses to customers, attending open houses, and inspecting properties that were for sale before showing the houses to customers. This evidence raises a genuine issue of material fact regarding whether Plaintiffs are covered by the outside sales exemption and, therefore, summary judgment in favor of either party on this issue is denied.

## V. CONCLUSION AND ORDER

The parties have presented evidence that raises a genuine issue of material fact on each theory asserted in their motions. As a result, summary judgment is inappropriate and it is hereby

**ORDERED** that Plaintiffs' Motion for Partial Summary Judgment [Doc. # 52] and Defendants' Motion for Summary Judgment [Doc. # 56] are **DENIED**. The case remains scheduled for docket call on **October 17, 2017**, unless settled prior to that date.

SIGNED at Houston, Texas, this **23rd** day of **August, 2017**.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE